UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE PHOENIX INSURANCE COMPANY
a/s/o Visual Graphic Systems, Inc.

                      Plaintiff,

    -against-

DHL EXPRESS (USA), INC., STAMACK
CONSTRUCTION, LLC, and CON-TECH
PAINTING, INC.

                 Defendants.
------------------------------------X

Case: 07-cv-11177-LTS

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**



Plaintiff, THE PHOENIX INSURANCE COMPANY a/s/o Visual Graphic Systems, Inc., by and through its attorneys SHEPS LAW GROUP, P.C. complaining of the defendants, DHL EXPRESS (USA), INC., STAMACK CONSTRUCTION, LLC and CON-TECH PAINTING, INC., alleges upon information and belief that at all times hereinafter mentioned:

### The Parties

1.     Plaintiff, THE PHOENIX INSURANCE COMPANY was and is a corporation organized and existing under the laws of the State of New York, having its principle place of business located at 1 Tower Square, Hartford, Connecticut 06183, and was at all times material hereto, authorized to issue policies of insurance in the State of New York. Plaintiff was a citizen of the State of Connecticut.

2.     At all times pertinent hereto, plaintiff provided coverage to its insured, Visual Graphic Systems, Inc. (hereinafter "insured"), under a policy of insurance for the personal and real property that it owned and/or occupied at 500 Tenth Avenue, New York, New York 10018 ("the premises"). At all times hereinafter relevant, the plaintiff's insured owned the sixth and seventh

floors of the subject premises and was in the business of production and sales of graphic design. Plaintiff paid its insured in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00) as a result of the incident at issue.

3. Defendant, DHL EXPRESS (USA), INC., (hereinafter, "DHL") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York and was in the business of courier services.

4. Upon information and belief, DHL, owned, leased and/or renovated the first through fifth floors of the building in which plaintiff's insured occupied in preparation of creating a courier business in such building.

5. Defendant STAMACK CONSTRUCTION, LLC. (hereinafter, "STAMACK") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40 Wall Street, 34th Floor, New York, New York 10005 and was in the business of construction and renovation contracting.

6. Upon information and belief, defendant STAMACK, was contracted by defendant DHL to perform construction, including but not limited to, remove lead-based paint for the renovation of defendant DHL's business on the first through fifth floors of the building in which plaintiff's insured occupied.

7. Defendant, CON-TECH PAINTING, INC. (hereinafter, "CON-TECH") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 233 Rock Road, Suite 209, Glen Rock, New Jersey 07452-1708 and was in the business of construction and renovation.

8.　　Upon information and belief, defendant CON-TECH, was contracted by defendant DHL to remove lead-based paint for the renovation of defendant DHL's business located on the first through fifth floors of the building in which plaintiff's insured occupied.

### Jurisdiction

9.　　The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

### The Loss

10.　　At all times hereinafter mentioned, Plaintiff's insured leased the premises located at 500 Tenth Avenue, New York, New York 10018.

11.　　Upon information and belief, prior to May 15, 2006, defendant DHL contracted with defendants STAMACK and/or subcontracted CON-TECH to perform lead-based paint abatement in preparation for construction of defendant DHL's tenancy within the subject building.

12.　　Upon information and belief, defendants STAMACK and CON-TECH performed lead-based paint abatement which involved sandblasting with the building in which plaintiff's insured occupied during a time period of at least May 3, 2006 through May 15, 2006.

13.　　On several occasions during the period from May 3, 2006 through May 15, 2006, an infiltration and accumulation of dust and fine particulate matter consumed portions of the sixth and seventh floors of plaintiff's insured's premises.

14.　　As a result of the careless lead-based paint removal and sandblasting performed by defendants abatement, construction and operations, such dust and debris entered into the premises

occupied by plaintiff's insured caused severe damage to plaintiff's insured's property, in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00).

15. Plaintiff reimbursed these sums to its insured's pursuant to the aforementioned policy of insurance and is equitably and contractually subrogated to its insured rights.

### AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS -NEGLIGENCE-

16. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 15 inclusive.

17. The occurrence referred to in paragraph 13 and the consequent damages to the plaintiff's insured's property was proximately caused by the negligence, negligence per se, gross negligence, recklessness, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a) failing to use proper care during its contracting work regarding the renovation and paint abatement in the DHL premises;

(b) failing to take proper steps in planning said renovation work to avoid damage to the plaintiff's insured's premises;

(c) failing to properly seal off the freight and passenger elevator doors on the fifth floor and the fire stairwell doors to prevent the migration of dust and debris into plaintiff's premises.

(d) failing to use ordinary care during the renovation and lead-based paid abatement in the renovation of plaintiff's insured's premises;

(e) failing to perceive a foreseeable risk and acting in a prudent manner in protecting the plaintiff's insured's property from damage due to dust and debris infiltration;

(f) creating conditions that would cause the migration of dust or debris into plaintiff's insured's premises;

(g) failing to properly monitor and safeguard the work area to avoid the migration of dust and debris into plaintiff's insured's premises after being notified of similar incidents that occurred in the past of dust and debris infiltration sustained by the plaintiff's insured by the defendants;

(h) creating conditions that caused the dust and debris infiltrate more of plaintiff's insured's premises than it would have but for the conduct of the defendants;

(i) creating conditions that caused the dust and debris infiltration to occur;

(j) failing to use equipment that was safe at the time of the dust and debris infiltration;

(k) failing to properly maintain/protect the work area in a safe manner as to prevent a high degree of risk of dust and debris infiltration damage to the insured's property;

(l) failing to hire competent servants, contractors, agents, employees and/or workmen to properly maintain/protect the plaintiff's insured's property to avoid dust and debris infiltration during their renovation/lead-based paint abatement work;

(m) failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations and/or industry standards concerning the protection, manufacture, instruction and preservation of the premises during contracting work;

(n) failing to properly supervise, train, and/or instruct its employees or agents in the proper care of the work area of renovation and lead-based paint abatement;

(o) retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without requisite skills and abilities to maintain/ protect the premises in a safe fashion during contracting work;

(p) failing to take the proper steps to supervise the work performed by its employees, servants, workers, agents, and/or contractors in a way that would protect the plaintiff's insured's property from dust and debris infiltration;

(q) failing to recognize the obvious hazards presented by conducting lead paint abatement in an insecure and unsafe fashion;

(r) failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe contracting activities;

(s) failing to do those things which were necessary to safely preserve and protect the plaintiff's property;

(t) otherwise failing to use due care and proper skill under the circumstances.

18. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendant and its representatives, agents, servants and/or employees, the dust and debris infiltration referred to in paragraph 13 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00), which sum was reimbursed by plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS
### -STRICT LIABILITY-

19. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 18.

20. The subject dust and debris infiltration referenced herein and the resulting damages sustained by plaintiff's insured were caused by the ultrahazardous activities of the defendants and/or improper monitoring, securing and removal of lead-based paint during contracting work in an unsafe fashion.

21. Plaintiff further alleges that defendants were performing an ultra-hazardous activity at the premises by sandblasting and lead-based paint removal and are thereby strictly liable for the resulting damages sustained by the plaintiff's insured.

22. By reason of the conduct and actions of the defendants, the occurrence referred to in paragraph 13 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00).

## AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANTS
### - PUBLIC NUISANCE-

23. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 22 inclusive.

24. At all relevant times, Defendants were in exclusive control of the construction activities in the DHL office space located in plaintiff's insured's building.

25. By virtue of the long history of deaths and health complications resulting from improper lead-based paint abatement, Defendants' renovation and construction activities constitute a dangerous, unhealthy and offensive menace and nuisance to all who make lawful use

of the tenancy building and endangers or injures the property, health, safety, or comfort of a considerable number of persons.

26. Through their negligent, wanton, willful, and reckless acts and/or omissions, including their failure to properly maintain, care for and/or confine such dust and debris, notwithstanding their ample and uncontroverted notice of the problems and dangers posed by the dust and debris, Defendants have created, contributed to, and/or maintained this public nuisance.

27. This public nuisance has imposed upon Plaintiff special harm, different in nature, kind, and degree from the harm imposed upon the public generally, in that as a direct and proximate result of Defendants' actions, Plaintiff has incurred and continues to incur substantial losses.

28. The amount of these harms will be proven at trial.

29. In addition, in light of Defendants' willful, wanton and reckless acts in endangering the property, health and safety of numerous people and in creating this public nuisance, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANTS
### -PRIVATE NUISANCE-

30. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 29 inclusive.

31. By means of the acts and omissions described above, Defendants have intentionally and unreasonably invaded Plaintiff's right to use and enjoy its property.

32. Alternatively, Defendants have negligently or recklessly invaded Plaintiff's right to use and enjoy its property.

33. Defendants also have invaded Plaintiff's right to use and enjoy its property in a manner that is actionable under the rules governing liability for abnormally dangerous conditions or activities.

34. Defendants' interference with Plaintiff's use and enjoyment of its property has been substantial.

35. Defendants' acts and omissions threatened and caused grievous harm only to Plaintiff, or, alternatively, to relatively few people, including Plaintiff.

36. The amount of these harms will be proven at trial.

37. In addition, in light of Defendants' willful, wanton and reckless interference with Plaintiff's right to use and enjoy its property, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

38. By the reason of the aforesaid nuisance created by the defendants, the occurrence referred to in paragraph 13 resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00) in damages, which sum was reimbursed by plaintiff.

WHEREFORE, plaintiff demands judgment jointly and severally, against defendants, in an amount in excess of TWO-HUNDRED THIRTY-ONE THOUSAND FORTY-NINE DOLLARS ($231,049.00), together with interest and the cost of this action.

Dated: Melville, New York
March 25, 2008

Respectfully submitted,

SHEPS LAW GROUP, P.C.

BY: _____
ROBERT C. SHEPS, ESQ.
*Attorney for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 7009

TO:

DHL EXPRESS (USA), INC.
1200 S Pine Island Road
6th Floor Legal Department
Plantation, Florida 33324

STAMACK CONSTRUCTION, LLC
40 Wall Street, 34th Floor
New York, New York 10005

CON-TECH PAINTING, INC.
233 Rock Road, Suite 209
Glen Rock, New Jersey 07452-1708