**NORRIS, McLAUGHLIN & MARCUS**
A Professional Corporation
875 Third Avenue, 18th Floor
New York, New York 10022
Telephone (212) 808-0700
Facsimile (212) 808-0844

Attorneys for Defendant
DHL Express (USA), Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY a/s/o Visual Graphic Systems, Inc., | CIVIL ACTION NO. 07 CV 11177 (LTS) |
| Plaintiff, | |
| -against- | **ANSWER TO DEFENDANT STAMACK'S CROSS-CLAIM** |
| DHL EXPRESS (USA), INC., STAMACK CONSTRUCTION, LLC, and CON-TECH PAINTING, INC., | **DOCUMENT ELECTRONICALLY FILED** |
| Defendants. | |

Defendant DHL Express (USA), Inc. ("DHL"), an Ohio corporation having its principal place of business at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324, by way of Answer to Defendant Stamack Construction, LLC's ("Stamack") Cross-Claims, says:

29. DHL denies the allegations contained in this paragraph of Stamack's cross claim. DHL adds that it engaged the services of Stamack to act as DHL's general contractor, and to perform a variety of construction- and renovation-related services, one of which included the removal of lead-based paint from the first through fifth floors of the Premises. Upon information and belief, Stamack, in turn, subcontracted the lead-based paint removal component of the

construction- and renovation-related services with an entity named Con-Tech Painting, Inc., 233 Rock Road, Suite 209, Glen Rock, New Jersey 07452-1708.

30.     DHL denies the allegations contained in this paragraph of Stamack's cross claim.

## AS AND FOR SEPARATE DEFENSES

By asserting the following separate defenses, this answering defendant (DHL) does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The conduct of plaintiff or others, for whose conduct this answering defendant is not responsible, proximately caused in whole or in part any and all injuries or damages allegedly sustained by plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Upon information and belief, the plaintiff or others, for whose conduct this answering defendant is not responsible, improperly addressed the dust infiltration and such improper conduct proximately caused or contributed to, in whole or in part, the injuries or damages allegedly sustained by the plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that other parties, whether named or unnamed in the Complaint, and whether known or presently unknown to this answering defendant, were negligent and/or legally responsible and/or otherwise at fault for the damages alleged. Therefore, this defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties. This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, the plaintiff or others, for whose conduct the answering defendant is not responsible, failed to observe and/or use ordinary care to avoid injury and therefore, proximately caused any injury sustained by plaintiff.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the plaintiff or others did not properly maintain its leased premises, and as such, subjected it to greater damage.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages alleged by the plaintiff was caused, in whole or in part, by the contributory negligence, willful or wanton conduct, assumption of risk and/or other culpable conduct on the part of the plaintiff or others for whose conduct this answering defendant is not responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because the subject dust was not unreasonably dangerous.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of latches, waiver, and/or estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, it is asserted that the plaintiff failed to mitigate its damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages upon which relief can be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Stamack's cross-claim fails to state a cause of action cognizable in law or equity against this answering defendant, and the cross-claim must therefore, be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Stamack's cross-claim fails to set forth facts that give rise to a claim against answering defendant.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Stamack's cross-claim claims are barred by the controlling terms and conditions of relevant insurance policies.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery, and hereby reserves its right to amend its answer to plead said defenses.

**WHEREFORE**, DHL Express (USA), Inc. respectfully requests judgment:

    a.    Dismissing Stamack's cross-claim against DHL and the relief sought therein;

    b.    Awarding attorney's fees and costs of suit; and

    c.    Granting such other relief as the Court, in its discretion, may deem just and

appropriate.

Dated: New York, New York
April 7, 2008

                                  Yours,

                                  _/s/___Fernando M. Pinguelo_____
NORRIS, McLAUGHLIN & MARCUS, P.A.
BY: FERNANDO M. PINGUELO
Attorney for Defendant
DHL Express (USA), Inc.
875 Third Avenue, 18th Floor
New York, New York  10022
Telephone (212) 808-0700
Facsimile (212) 808-0844

TO:

STAMACK CONSTRUCTION, LLC
40 Wall Street, 16th Floor
New York, New York 10005

CON-TECH INC.
1035 63rd Street, 2nd Floor
Brooklyn, New York  11219

SHEPS LAW GROUP, P.C.
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

# CERTIFICATION OF SERVICE

**Fernando M. Pinguelo** deposes and says that: deponent is not a party to the action, and is over l8 years of age.

That on the 11th day of April, 2008, deponent served the within **ANSWER WITH SEPARATE DEFENSES** upon:

STAMACK CONSTRUCTION, LLC
40 Wall Street, 16th Floor
New York, New York 10005

CON-TECH PAINTING, INC.
233 Rock Road, Suite 209
Glen Rock, New Jersey  07452-1708

SHEPS LAW GROUP, P.C.
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

at the address(es) designated by said attorney(s)/parties for the purpose of depositing a true copy of same via overnight delivery.

                                                                __s/ Fernando M. Pinguelo_____
                                                                  Fernando M. Pinguelo