**NORRIS, McLAUGHLIN & MARCUS**
A Professional Corporation
875 Third Avenue, 18th Floor
New York, New York 10022
Telephone (212) 808-0700
Facsimile (212) 808-0844

Attorneys for Defendant
DHL Express (USA), Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY a/s/o Visual Graphic Systems, Inc., | : : : | CIVIL ACTION NO. 07 CV 11177 (LTS) |
| Plaintiff, | : : | |
| -against- | : : : | **ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES, AND CROSS-CLAIMS** |
| DHL EXPRESS (USA), INC., STAMACK CONSTRUCTION, LLC, and CON-TECH PAINTING, INC., | : : : : | **DOCUMENT ELECTRONICALLY FILED** |
| Defendants. | : : | |

Defendant DHL Express (USA), Inc. ("DHL"), an Ohio corporation having its principal place of business at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324, by way of Answer to Plaintiff's Amended Complaint, says:

**The Parties**

1.     DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

2.     DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

3.       DHL denies the allegations contained in this paragraph of the Amended Complaint, except to admit that DHL is an Ohio corporation and that at all relevant times (and to this day), DHL operated an established courier business pursuant to the laws of New York.

4.       DHL admits the allegations contained in this paragraph of the Amended Complaint, except to deny that DHL's purpose was to occupy 500 Tenth Avenue, New York, New York (the "Building" or "Premises") "in preparation of creating a courier business in such building."  At all relevant times (and to this day), DHL operated an established courier business. DHL simply moved from its previous Manhattan location to the Premises.

5.       DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

6.       DHL admits the allegations contained in this paragraph of the Amended Complaint.

7.       DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

8.       DHL denies the allegations contained in this paragraph of the Amended Complaint and adds that DHL engaged the services of Stamack Construction, LLC ("Stamack") to act as DHL's general contractor, and to perform a variety of construction- and renovation-related services, one of which included the removal of lead-based paint from the first through fifth floors of the Premises.  Upon information and belief, Stamack, in turn, subcontracted the lead-based paint removal component of the construction- and renovation-related services with an entity named Con-Tech Painting, Inc., 233 Rock Road, Suite 209, Glen Rock, New Jersey 07452-1708 ("Con-Tech").

**Jurisdiction**

9.      The allegations contained in this paragraph of the Amended Complaint, being legal conclusions, are denied.  DHL refers all questions of law to the court.

**The Loss**

10.      DHL admits the allegations contained in this paragraph of the Amended Complaint.

11.      DHL denies the allegations contained in this paragraph of the Amended Complaint, except to admit that in or about early 2006, DHL entered into an agreement with Stamack to perform over $19 million-worth of major construction services (the "Project") on the Premises.  Stamack agreed, among other things, to act as DHL's general contractor, and to perform a variety of construction- and renovation-related services, one of which included the removal of lead-based paint from the first through fifth floors of the Premises.  Upon information and belief, Stamack, in turn, subcontracted the lead-based paint removal component of the construction- and renovation-related services with an entity believed to be named Con-Tech.

12.      DHL denies the allegations contained in this paragraph of the Amended Complaint in that the terms "with the building" are incomprehensible in the context of the allegations set forth therein.

13.      DHL denies any knowledge or information sufficient to form a belief as to the allegation that "fine particulate matter consumed portions of the sixth and seventh floors," contained in this paragraph of the Amended Complaint.  DHL does admit that work performed by Stamack and/or Con-Tech generated dust, but it is unclear whether that dust penetrated into the leased spaced occupied by plaintiff's insured and caused the damage it allegedly suffered, and DHL leaves plaintiff to its proofs in that regard.

14.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL, except to admit that work performed by Stamack and/or Con-Tech on the Premises generated dust.  However, it is unclear whether that dust penetrated into the leased spaced occupied by plaintiff's insured and caused the damage it allegedly suffered, and DHL leaves plaintiff to its proofs in that regard.  DHL responds further by adding that to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

15.     DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.  DHL responds further by adding that to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
## -NEGLIGENCE-

16.     DHL repeats, reiterates, and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

17 (a)-(t).     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL, except to admit that work performed by Stamack and/or Con-Tech on the Premises generated dust.  However, it is unclear whether that dust penetrated into the leased spaced occupied by plaintiff's insured and caused the damage it allegedly suffered, and DHL leaves plaintiff to its proofs in that regard.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

18.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### -STRICT LIABILITY-

19.     DHL repeats, reiterates, and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

20.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

21.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

22.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
### -PUBLIC NUISANCE-

23.     DHL repeats, reiterates, and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

24.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

25.     DHL denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

26.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

27.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

28.     DHL leaves plaintiff to its proofs.

29.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

## AS AND FOR AN ANSWER TO THE THIRD (SIC) CAUSE OF ACTION
### -PRIVATE NUISANCE-

30.     DHL repeats, reiterates, and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

31.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

32.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

33.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

34.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL. DHL responds further by adding that, to the

extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

35.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

36.     DHL leaves plaintiff to its proofs.

37.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

38.     DHL denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at DHL.  DHL responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, DHL refers all such questions of law to the court.

## AS AND FOR SEPARATE DEFENSES

By asserting the following separate defenses, this answering defendant (DHL) does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for

non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The conduct of plaintiff or others, for whose conduct this answering defendant is not responsible, proximately caused in whole or in part any and all injuries or damages allegedly sustained by plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff or others, for whose conduct this answering defendant is not responsible, improperly addressed the dust infiltration and such improper conduct proximately caused or contributed to, in whole or in part, the injuries or damages allegedly sustained by the plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that other parties, whether named or unnamed in the Amended Complaint, and whether known or presently unknown to this answering defendant, were negligent and/or legally responsible and/or otherwise at fault for the damages alleged. Therefore, this defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court

or the jury as to all parties.  This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff or others, for whose conduct the answering defendant is not responsible, failed to observe and/or use ordinary care to avoid injury and therefore, proximately caused any injury sustained by plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff or others did not properly maintain its leased premises, and as such, subjected it to greater damage.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages alleged by the plaintiff was caused, in whole or in part, by the contributory negligence, willful or wanton conduct, assumption of risk and/or other culpable conduct on the part of the plaintiff or others for whose conduct this answering defendant is not responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because the subject dust was not unreasonably dangerous.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred by the doctrine of latches, waiver, and/or estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, it is asserted that the plaintiff failed to mitigate its damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for punitive damages upon which relief can be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action cognizable in law or equity against this answering defendant, and the Amended Complaint must therefore, be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth facts that give rise to a claim against answering defendant.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the controlling terms and conditions of relevant insurance policies.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery, and hereby reserves its right to amend its answer to plead said defenses.

**WHEREFORE**, DHL Express (USA), Inc. respectfully requests judgment:

a.    Dismissing plaintiff's Amended Complaint against DHL and the relief sought therein;

b.    Awarding attorney's fees and costs of suit; and

c.    Granting such other relief as the Court, in its discretion, may deem just and appropriate.

Dated: New York, New York
April 10, 2008

Yours,

_/s/___Fernando M. Pinguelo_____
NORRIS, McLAUGHLIN & MARCUS, P.A.
BY: FERNANDO M. PINGUELO
Attorney for Defendant
DHL Express (USA), Inc.
875 Third Avenue, 18th Floor
New York, New York  10022
Telephone (212) 808-0700
Facsimile (212) 808-0844

TO:

STAMACK CONSTRUCTION, LLC
40 Wall Street, 16th Floor
New York, New York 10005

CON-TECH PAINTING, INC.
233 Rock Road, Suite 209
Glen Rock, New Jersey  07452-1708

SHEPS LAW GROUP, P.C.
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

## CROSS CLAIMS

Defendant DHL EXPRESS (USA), INC., by and through its attorneys Norris, McLaughlin & Marcus, P.A., complaining of the co-Defendants STAMACK CONSTRUCTION, LLC, and CON-TECH PAINTING, INC., alleges by way of cross claims that at all times hereinafter mentioned:

### FACTS COMMON TO ALL COUNTS

1.      DHL repeats, reiterates, and realleges each and every response to the Amended Complaint made in this pleading with the same force and effect as though the same were set forth at length herein.

### The Parties

2.      DHL is an Ohio corporation with its principal place of business located at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324.  DHL maintains and operates a courier delivery facility at 500 Tenth Avenue, New York, New York.

3.      STAMACK CONSTRUCTION, LLC is, upon information and belief, a corporation duly organized and existing pursuant to the laws of New York with its principal place of business located at 40 Wall Street, 16th Floor, New York, New York 10005; and was in the business of construction and renovation contracting.

4.      CON-TECH PAINTING, INC. is, upon information and belief, a corporation duly organized and existing pursuant to the laws of New Jersey with its principal place of business located at 233 Rock Road, Suite 209, Glen Rock, New Jersey 07452-1708; and was in the business of construction and renovation contracting.

14

**The Construction Project**

5.      In or about early 2006, DHL entered into a construction agreement ("the Construction Agreement) with Stamack to perform over $19 million-worth of major construction services (the "Project") on DHL's 500 Tenth Avenue, New York City (floors one through five) facility (the "Facility").

6.      Part of Project included the sandblasting of painted concrete ceilings, walls, and columns to remove the paint finish from the Facility in preparation for a new coating of paint ("Sandblasting Project").

7.      During the performance of the Sandblasting Project (which performance occurred over the course of several days in mid-to-late May 2006), plaintiff alleges that contaminated dust and debris entered into its insured's floors causing "severe damage" to its property, as identified in the Amended Complaint.

8.      Upon information and belief, Stamack subcontracted the Sandblasting Project with Con-Tech.

9.      Stamack and Con-Tech agreed to indemnify and hold harmless DHL from and against any and all claims, damages, losses, expenses, and attorneys fees (both in connection with enforcing the indemnification agreement and in defending against the underlying claim) in any way related or connected to the intentional or negligent acts and omissions of Stamack or any sub-contractor Stamack retained related in any way to the Sandblasting Project.

10.      In its agreements with DHL, Stamack represented and warranted that, among other things, it had the requisite knowledge and experience to perform its obligations under the agreements, and that it would supervise and perform its services related to the Project and the Sandblasting Project in a commercially reasonable manner and in a workmanlike quality in strict

conformance with its agreements, industry and professional standards, and manufacturers' recommendations.

11.     Each of Stamack's representations and warranties were breached.

12.     Upon information and belief Stamack and Con-Tech do not dispute their obligation to indemnify DHL.  In fact, certificates of insurance were issued to DHL by both Stamack and Con-Tech, each of which lists DHL as an additional insured on the respective policies of insurance.

**COUNT ONE**

**CROSSCLAIM FOR INDEMNIFICATION**

13.     DHL repeats, reiterates, and realleges each and every response to the Amended Complaint and allegation asserted in this pleading with the same force and effect as though the same were set forth at length herein.

14.     Defendant DHL denies any and all liability and responsibility for the acts alleged in the Amended Complaint; but if DHL should be found liable to plaintiff, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed, and the liability of the defendants Stamack and Con-Tech (collectively "Contractors"), is primary, active and direct, and DHL demands judgment against Contractors for express and implied indemnification in full, in law and in equity, with respect to any damages which may be recovered against DHL by plaintiff, together with costs and attorney's fees.

## <u>COUNT TWO</u>

### <u>CROSSCLAIM FOR CONTRIBUTION</u>

15.     DHL repeats, reiterates, and realleges each and every response to the Amended Complaint and allegation asserted in this pleading with the same force and effect as though the same were set forth at length herein.

16.     DHL denies any and all liability and responsibility for the acts alleged in the Amended Complaint, but if DHL should be found liable to plaintiff, which liability is denied, DHL asserts that the Contractors are joint tortfeasors with respect to any loss, liability or expense, and DHL demands judgment for contribution.

## <u>COUNT THREE</u>

### <u>CROSSCLAIM FOR BREACH OF CONTRACT</u>

17.     DHL repeats, reiterates, and realleges each and every response to the Amended Complaint and allegation asserted in this pleading with the same force and effect as though the same were set forth at length herein.

18.     Defendant DHL denies any and all liability and responsibility for the acts alleged in the Amended Complaint; but if DHL should be found liable to plaintiff, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed to the liability of Contractors.

19.     By and before June 2006, Stamack materially breached its agreement with DHL and the above-mentioned warranties and representations in that, among other things, the materials and workmanship provided by Stamack and/or its subcontractors were defective, the work was not performed by Contractors in a good and workmanlike manner, the work performed by Contractors failed to conform to the requirements of the agreement, and the plans and

specifications were not fit or suitable for their intended purpose or in compliance with code and industry standard.

20.     Such breaches include, but are not limited to, the improper performance of services related to the sandblasting of painted concrete ceilings, walls, and columns to remove the paint finish from the Facility in preparation for a new coating of paint.

21.     DHL duly performed all terms, covenants, and conditions on its part to be performed, except those terms, covenants, or conditions excused or made impossible by Stamack's breaches.

22.     Stamack has failed to perform and refuses to perform its duties and obligations as set forth in the agreement and has failed to perform and refuses to perform its implied duties and obligations to cooperate.

23.     As a direct and proximate result of the breaches raised herein, DHL has incurred and will continue to incur fees, costs, and expenses associated with the remediation and repair that the defective work allegedly caused plaintiff.

24.     By reason of Stamack's breaches and as a direct and proximate result thereof, DHL has incurred and will incur costs and expenses, and has suffered and will suffer direct, indirect, consequential, general, and special damages in an amount alleged by plaintiff.

**WHEREFORE**, DHL Express (USA), Inc. respectfully requests judgment against Stamack for damages as set forth above, including:

a.     Compensatory, consequential damages, and punitive damages;

b.     Attorneys' fees and costs of suit;

c.     Pre and post judgment interest; and

    d.       Such other relief as the Court, in its discretion, may deem just and appropriate.

## COUNT FOUR

### CROSSCLAIM FOR BREACH OF WARRANTIES

25.    DHL repeats, reiterates, and realleges each and every response to the Amended Complaint and allegation asserted in this pleading with the same force and effect as though the same were set forth at length herein.

26.    The construction agreement between DHL and Stamack provides that Stamack agrees to guarantee its work and the work of its sub-contractors.

27.    Stamack warranteed, expressly and impliedly, that it and its subcontractors would prepare the Facility and perform the Sandblasting Project in a good and workmanlike manner, pursuant to the proper standards of the construction industry, that the work would be of good workmanship, completed in accordance with the standards of the industry, state and local regulations, free from defects, and in accordance with the plans and specifications.

28.    Tests and observations of Stamack's work, and the work of its sub-contractor(s), demonstrate that the work was performed in a defective manner.

29.    Stamack has been notified by DHL and others of the defects in the performance of its work, DHL and others have demanded the defective work be cured and/or replaced, and Stamack has refused and failed to repair the defects, in violation of its guaranties.

30.    Stamack breached its warranty by failing to complete the work, and by leaving DHL with an improperly performed Sandblasting Project.

31.     Stamack also breached its warranty by failing to properly supervise (or negligently supervise) its employees and subcontractors in order to ensure that the work was performed in a good workmanlike manner.

32.     By reason of Stamack's breaches and as a direct and proximate result thereof, DHL has incurred and will incur costs and expenses, and has suffered and will suffer direct, indirect, consequential, general, and special damages in an amount identified by plaintiff.

**WHEREFORE**, DHL Express (USA), Inc. respectfully requests judgment against Stamack for damages as set forth above, including:

   a.  Compensatory, consequential damages, and punitive damages;

   b.  Attorneys' fees and costs of suit;

   c.  Pre and post judgment interest; and

   d.  Such other relief as the Court, in its discretion, may deem just and appropriate.

<u>**COUNT FIVE**</u>

**CROSSCLAIM FOR BREACH OF**
**IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

33.     DHL repeats, reiterates, and realleges each and every response to the Amended Complaint and allegation asserted in this pleading with the same force and effect as though the same were set forth at length herein.

34.     Stamack breached its implied duty of good faith and fair dealing owed to DHL, and said breach directly and proximately caused harm to DHL.

**WHEREFORE**, DHL Express (USA), Inc. respectfully requests judgment against Stamack for damages as set forth above, including:

a. Compensatory, consequential damages, and punitive damages;

b. Attorneys' fees and costs of suit;

c. Pre and post judgment interest; and

d. Such other relief as the Court, in its discretion, may deem just and appropriate.

### DESIGNATION OF TRIAL COUNSEL

Fernando M. Pinguelo hereby is designated as trial counsel.

Dated: New York, New York
   April 10, 2008                                    Yours, etc.,

                                    NORRIS, McLAUGHLIN & MARCUS P.A.
                                    A Professional Corporation
                                    875 Third Avenue, 18th Floor
                                    New York, New York  10022
                                    (212) 808-0700
                                    Attorneys for Defendant
                                    DHL Express (USA), Inc.
                                    Telephone (212) 808-0700
                                    Facsimile (212) 808-0844

                              By:_____s/  Fernando M. Pinguelo_____
                                    Fernando M. Pinguelo

To:

STAMACK CONSTRUCTION, LLC
40 Wall Street, 16th Floor
New York, New York 10005

CON-TECH PAINTING, INC.
233 Rock Road, Suite 209
Glen Rock, New Jersey  07452-1708

SHEPS LAW GROUP, P.C.
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

## CERTIFICATION OF SERVICE

**Fernando M. Pinguelo** deposes and says that: deponent is not a party to the action, and is over l8 years of age.

That on the 11th day of April, 2008, deponent served the within **ANSWER WITH SEPARATE DEFENSES AND CROSSCLAIMS** upon:

STAMACK CONSTRUCTION, LLC
40 Wall Street, 16th Floor
New York, New York 10005

CON-TECH PAINTING, INC.
233 Rock Road, Suite 209
Glen Rock, New Jersey  07452-1708

SHEPS LAW GROUP, P.C.
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

at the address(es) designated by said attorney(s)/parties for the purpose of depositing a true copy of same via overnight delivery.

    s/ Fernando M. Pinguelo
Fernando M. Pinguelo