**CLAUSEN MILLER, P.C.**
One Chase Manhattan Plaza, 39th Floor
New York, New York 10005
Telephone: (212) 805-3900
Facsimile: (212) 805-3939

Attorneys for Defendant
Con-Tech Painting, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY a/s/o Visual Graphic Systems, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> DHL EXPRESS (USA), INC., STAMACK CONSTRUCTION, LLC, and CON-TECH PAINTING, INC., <br><br> Defendants. | CIVIL ACTION NO. 07 CV 11177 (LTS) <br><br><br> **ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES AND CROSS-CLAIMS** <br><br><br> **DOCUMENTS ELECTRONICALLY FILED** |

Defendant Con-Tech Painting, Inc. ("Con-Tech"), a New Jersey Corporation having its principal place of business at 233 Rock Road, Suite 209, Glen Rock, New Jersey 07452-1708, by way of Answer to Plaintiff's Amended Complaint, says:

**The Parties**

1.   Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

2.   Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

3.   Con-Tech denies any knowledge and information contained in this paragraph of the Amended Complaint.

4. Con-Tech denies any knowledge or information contained in this paragraph of the Amended Complaint.

5. Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

6. Con-Tech denies any knowledge sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

7. Con-Tech admits the allegations contained in this paragraph of the Amended Complaint.

8. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint except to admit that a contract existed between defendants ConTech and Stamack and that the terms and conditions thereof are set forth therein.

## Jurisdiction

9. The allegations contained in this paragraph of the Amended Complaint, being legal conclusions, are denied. Con-Tech refers all questions of law to the court.

## The Loss

10. Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

11. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint except to admit that a contract existed between defendants ConTech and Stamack and that the terms and conditions thereof are set forth therein.

12. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint in that the terms "with the building" are incomprehensible in the context of the allegations set forth therein.

13. Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint.

14. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that to the extent that the

the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

21. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

22. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
## -PUBLIC NUISANCE-

23. Con-Tech repeats, reiterates and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

24. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

25. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint. Con-Tech responds further by adding that to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

26. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

27. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

28. Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint. Con-Tech leaves plaintiff to its proofs.

29. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## -PRIVATE NUISANCE-

30. Con-Tech repeats, reiterates and realleges each and every response made in this pleading with the same force and effect as though the same were set forth at length herein in answer to this paragraph of the Amended Complaint.

31. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

32. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

33. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that

the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

34. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

35. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

36. Con-Tech denies any knowledge or information sufficient to form a belief as to the allegations contained in this paragraph of the Amended Complaint. Con-Tech leaves plaintiff to its proofs.

37. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

38. Con-Tech denies the allegations contained in this paragraph of the Amended Complaint that are directed specifically at Con-Tech. Con-Tech responds further by adding that, to the extent that the allegations contained in this paragraph of the Amended Complaint are legal conclusions, Con-Tech refers all such questions of law to the court.

## AS AND FOR SEPARATE DEFENSES

By asserting the following separate defenses, this answering defendant (Con-Tech) does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefits programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The conduct of plaintiff or others, for whose conduct this answering defendant is not responsible, proximately caused in whole or in part any and all injuries or damages allegedly sustained by plaintiff

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff or others, for whose conduct this answering defendant is not responsible, improperly addressed the dust infiltration and such improper conduct proximately caused or contributed to, in whole or in part, the injuries or damages allegedly sustained by the plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Complaint are barred by the doctrine of latches, waiver and/or estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, it is asserted that the plaintiff failed to mitigate its damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for punitive damages upon which relief can be granted.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action cognizable in law or equity against this answering defendant and the Amended Complaint must therefore be dismissed.

### AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth facts that give rise to a claim against this answering defendant.

### AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the controlling terms and conditions of relevant insurance policies.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery and hereby reserves its right to amend its answer to plead said defenses.

### AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION, CONTRIBUTION AGAINST CO-DEFENDANTS STAMACK AND DHL

FIRST: Defendant Con-Tech denies any and all liability and responsibility for the acts alleged in the Amended Complaint, but if Con-Tech should be found liable to plaintiff, which liability is denied, said liability will only be secondary, passive, technical, vicarious or imputed and the liability of the defendants Stamack and DHL are primary, active and direct and Con-Tech demands judgment against Stamack and DHL for express and implied indemnification in full, in law and in equity with respect to any damages which may be recovered against Con-Tech by plaintiff, together with costs and attorneys' fees.

SECOND: Con-Tech denies any and all liability and responsibility for the acts alleged in the Amended Complaint, but if Con-Tech should be found liable to plaintiff, which liability is denied, Con-Tech asserts that Stamack and DHL are joint tortfeasors with respect to any loss, liability or expense and Con-Tech demands judgment for contribution.

**WHEREFORE,** Con-Tech Painting, Inc. respectfully requests judgment:

a. Dismissing plaintiff's Amended Complaint against Con-Tech and the relief sought therein;

b. Awarding attorney's fees and costs of suit; and

c. Granting such other relief as the Court, in its discretion, may deem just and appropriate.

## DESIGNATION OF TRIAL COUNSEL

Robert A. Stern is hereby is designated as trial counsel.

Dated: New York, New York
July 9, 2008

                                        Yours, etc.,

                                        CLAUSEN MILLER, P.C.

                           By: _____
                                        Robert A. Stern, Esq.
                                        Virginia M. Markovich, Esq.
                                        Attorneys for Defendant
                                        Con-Tech Painting, Inc.
                                        One Chase Manhattan Plaza, 39th Floor
                                        New York, New York 10005

To:    LAW FIRM OF RICHARD M. BARON
        Attorney for Defendant Stamack Construction, LLC
        40 Wall Street, 16th Floor
        New York, New York 10005

        NORRIS, McLAUGHLIN & MARCUS, P.A.
        Attorney for Defendant DHL Express (USA), Inc.
        875 Third Avenue, 18th Floor
        New York, New York 10022

        SHEPS LAW GROUP
        Attorney for Plaintiff
        35 Pinelawn Road, Suite 106A
        Melville, New York 11747