UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
The Phoenix Insurance Company a/s/o Visual
Graphic Systems, Inc.

                Plaintiff,

                                  **PRELIMINARY PRE-TRIAL STATEMENT**

        -against-

DHL Express (USA), Inc., STAMACK
CONSTRUCTION, LLC, and CON-TECH
INC.

                Defendants.
----------------------------------------X

The Parties in this action collectively submit the enclosed Preliminary Pre Trial Statement in Advance of the July 17, 2008 Initial Conference.

    a.    **A concise statement of the nature of this action.**

This lawsuit is a subrogation action brought on behalf of Phoenix Insurance Company stemming from losses sustained by their insured Visual Graphics Systems back on May 15, 2006 at their tenancy located at 500 Tenth Avenue, New York, New York 10018. Prior to May 15, 2006, defendant DHL contracted with defendants STAMACK who in turn subcontracted with defendant CON-TECH to perform lead-based paint abatement in connection with a $19 million construction project of defendant DHL's tenancy within the same subject building. Plaintiff alleges it paid in excess of $221,000 for property damages sustained when dust-related material from this aforementioned lead-

based paint abatement allegedly infiltrated the Visual Graphics tenancy, and is subrogated to its insured's interests.

    b.    **A concise statement of each party's position as to the basis of the court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff alleges jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

    c.    **A concise statement of all material uncontested or admitted facts. The parties agree that at all times relevant hereinafter the defendants were conducting certain construction activities at the DHL tenancy including lead paint abatement.**

    d.    **A concise statement of all uncontested legal issues.**

None known at this time

    e.    **A concise statement of all legal issues to be decided by the Court**

The parties currently are unaware of any such legal issues.

    f.    **Each party's concise statement of material disputed facts.**

**Plaintiff:** That as a result of the construction activities of the defendants, particularly the sandblasting of the existing paint, that the dust particulars were able to infiltrate into the area of the Plaintiff's insured tenancy, due to a lack of proper sealing off of the area.

**DHL:** Defendant DHL disputes liability and the extent of damages; and, if any such damages were sustained, it was as a result of its general contractor's, STAMACK, conduct or that of sub-contractor(s) STAMACK retained to perform the lead-based paint abatement.

**Stamack:** Defendant disputes liability and the extent of damages and, if any such damages were sustained, it was a result of the sub contractor it retained, Con-Tech.

<u>Con-Tech:</u> Defendant disputes liability and the extent of damages alleged.

    g.    **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action, asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

Plaintiff alleges that defendants were negligent in their sandblasting work and their failure to properly seal off their construction activities to prevent harm to adjacent property occupied by Visual Graphics. Plaintiff will rely upon general negligence case law for negligent contractors. Plaintiff has also alleged that the defendants are strictly liable for their ultrahazardous activities and under a nuisance cause of action.

    h.    **Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by each party.**

DHL retained the services of STAMACK to act as its General Contractor and STAMACK agreed to indemnify and hold DHL harmless of STAMACK'S conduct and for the conduct of STAMACK'S subcontractors. Certificates of insurance were issued by both Stamack and Con-Tech Painting related to the indemnity. Defendants believe that this matter is generally a factual determination of liability under New York under general negligence case law.

    i.    **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff has the burden of proof under this civil action based upon New York substantive negligence law.

    j.    **Whether and to what extent amendments to pleading and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

There are no known additional parties, although the parties herein request 120 days to join additional parties.

    k.    **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which party's have or have not so consented)**

Not everyone has consented as of yet.

l. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

Such disclosures will be made within three weeks by all parties.

m. The subjects on which disclosure may be needed and a proposed discovery cut-off date.

Six months from this Initial Conferenece.

n. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

The parties do anticipate expert disclosure relating to the construction activities and possibly relating to damages. The parties would request that reports be produced within forty five days after the close of factual discovery, and depositions proceed within thirty days thereafter.

o. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court, and what other limitations should be imposed.

None

p. The status of settlement discussions and the prospects for settlement of the action in whole or as in part, provided that the preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

The Plaintiff has been discussing a settlement possibility with one of the contractor's insurers and there is a fair possibility that this may be reached shortly.

q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of the party's case.

This is a jury trial. It would take seven days collectively if this matter was tried.

r. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

None at this time.